UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
HAHN & HESSEN LLP,

                Plaintiff,                    Civ. No.  08 Civ. 6281 (SHS)

              - against -                  ECF CASE

TRADEWINDS AIRLINES, INC. and
TRADEWINDS HOLDINGS, INC.,

                Defendants.
--------------------------------------------------------x

## SUMMONS

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer (or, if the complaint is not served with this summons, to serve a notice of appearance) on the plaintiff within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Dated: New York, New York
July 9, 2008

                                        HAHN & HESSEN LLP
                                        *Pro Se* Plaintiff

                                        By: _____
                                               Zachary G. Newman (ZN 5944)
                                               Member of the Firm

                                        488 Madison Avenue
                                        New York, New York 10022
                                        (212) 478-7200

TO:    Tradewinds Airlines, Inc.
        243A Burgess Road
        Greensboro, NC 27409

        Tradewinds Holdings, Inc.
        243A Burgess Road
        Greensboro, NC 27409

HAHN & HESSEN LLP
*Pro Se* Plaintiff
488 Madison Avenue
New York, New York 10022
(212) 478-7200
Zachary G. Newman, Esq. (ZN 5944)
Christina J. Kang, Esq. (CK 6941)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
HAHN & HESSEN LLP,

               Plaintiff,

       - against -

TRADEWINDS AIRLINES, INC. and
TRADEWINDS HOLDINGS, INC.,

               Defendants.
-----------------------------------------------------x

Civ. No. 08 Civ. 6281 (SHS)

ECF CASE

COMPLAINT

Plaintiff, Hahn & Hessen LLP (the "Firm"), as for its complaint against Defendants, Tradewinds Airlines, Inc. and Tradewinds Holdings, Inc. ("Defendants"), alleges as follows:

### Nature of Action

1. This action is brought by the Firm to recover amounts due and owing by its former clients, Defendants, for legal services rendered and expenses incurred by the Firm to represent Defendants in the action filed in this district and entitled, *ICC, International Cargo Charters, Canada, Inc. et al. v. Tradewinds Airlines, Inc. et al.*, 03 Civ. 5026 (GBD) (the "Underlying Action"). Without justification, Defendants have failed to pay the Firm's invoices.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds the statutory minimum of $75,000.

3.  Venue of this action is proper in this district pursuant to 28 U.S.C. § 1391. The events giving rise to the Firm's claims occurred within the Southern District of New York.

The Parties

4.  The Firm is a limited liability partnership with its principal place of business at 488 Madison Avenue, New York, New York.

5.  Upon information and belief, Defendants are corporations with their principal place of business at 243A Burgess Road, Greensboro, North Carolina.

Factual Background

6.  The plaintiffs in the Underlying Action sued Defendants and sought to recover millions of dollars of contract damages, interest, and legal fees related to an alleged breach of numerous operating and ancillary agreements related to the sale of a Canadian cargo airline business to Defendants.

7.  About one year into the Underlying Action and following an unsuccessful mediation, Defendants dismissed their litigation counsel, retained the Firm to represent them in the Underlying Action, and executed a retainer agreement with the Firm on July 14, 2004 to govern the terms of the representation.

8.  The Firm, among other things, (a) conducted extensive pre-trial discovery in the United States and in Canada, (b) attended numerous court conferences, (c) briefed numerous issues before the Court, (d) defeated plaintiffs' summary judgment motion, and (e) successfully completed the substantial pre-trial order, filings, and motions *in limine*.

9.  The Firm tried the Underlying Action before a jury from August 6 to 14, 2007. The jury returned a verdict for Defendants in all respects, with the jury absolving Defendants of

any liability to plaintiffs and awarding Defendants a judgment of $742,303.53 against plaintiffs and three of the Counterclaim Defendants.

10. In accordance with its practice and policies, the Firm issued periodic invoices to Defendants reflecting amounts due and owing for legal services rendered and costs and expenses incurred for the applicable billing period.

11. Despite repeated demands, Defendants partially paid two invoices, and failed to pay any amounts under five other invoices (collectively, the "Invoices").

12. Accordingly, after trial, the Firm filed a motion seeking permission to withdraw as counsel. By order dated December 12, 2007, the Court relieved the Firm as counsel to Defendants in the Underlying Action.

13. The outstanding balance on the Invoices total $385,204.60.

14. Because they contain privileged and confidential information, the Invoices are not being attached to this Complaint.

15. The Firm has commenced this action after numerous failed attempts to secure payment. The most recent failure involved Defendants' failure to pay a periodic payment of $100,000 due on June 10, 2008.

16. Defendants have not paid the balance on the Invoices.

First Cause of Action
(Breach of Contract)

17. The Firm incorporates all the allegations set forth herein.

18. On or about July 14, 2004, the Firm and Defendants entered into a retainer agreement, whereby the Firm agreed to represent Defendants in the Underlying Action and Defendants, in turn, agreed to pay the Firm for such services and related costs and expenses within thirty days of receiving each invoice.

19. The Firm rendered legal services to Defendants in the Underlying Action, incurred related costs for Defendants' benefit, and fulfilled its contractual obligations under the contract in all respects.

20. Defendants have not paid the amount due under the Invoices.

21. Defendants owe the Firm $385,204.60 for fees and expenses.

22. Defendants' failure to pay the Invoices constitutes a breach of contract entitling the Firm to a judgment for the amounts due plus interest at the contractual rate of 12% per annum from the date of each invoice.

Second Cause of Action
(Account Stated)

23. The Firm incorporates all the allegations set forth herein.

24. The retainer agreement provides that each invoice "shall be conclusive and binding unless [the client] disputes the [invoice] in writing within thirty (30) days of the date the statement is rendered and mailed in accordance with the terms [of the agreement], whichever is later."

25. The Firm rendered to Defendants the Invoices and statements of account showing the amount due and owing for legal services and related expenses.

26. The Firm sent invoices and statements of account to Defendants prior to the August 2007 trial, and Defendants accepted and retained them without providing timely, written and detailed objections.

27. The Firm issued additional invoices to Defendants after the trial.

28. Defendants did not provide any written or detailed objections to the Invoices, except for expressing an objection to the overall amount charged.

29.     Notably, Defendants refused to pay even the expenses associated with the trial of the Underlying Action, including, but not limited to, court transcript and subpoena fees.

30.     The outstanding amount due under the Invoices is $385,204.60.

31.     An account was stated between the Firm and Defendants for a balance of $385,204.60, plus interest at the contractual rate of 12% per annum from the date of each invoice.

### Third Cause of Action
### (Unjust Enrichment)

32.     The Firm incorporates all the allegations set forth herein.

33.     Defendants benefited from the Firm's legal services and payment of expenses related to the Underlying Action.

34.     Having failed to pay the Firm the amounts reflected on the Invoices, Defendants have been unjustly enriched in the amount of at least $385,204.60.

### Fourth Cause of Action
### (Quantum Meruit)

35.     The Firm incorporates all the allegations set forth herein.

36.     As an alternative to the breach of contract and account stated causes of action, the Firm is entitled to recover the reasonable value of their services, which is an amount at least $385,204.60.

[remainder of this page left intentionally blank]

WHEREFORE, the Firm requests the following relief:

    (a) on the first cause of action for breach of contract, a judgment against Defendants jointly and severally in an amount of at least $385,204.60, plus interest;

    (b) on the second cause of action for account stated, a judgment against Defendants jointly and severally in an amount of at least $385,204.60, plus interest;

    (c) on the third cause of action, a judgment against Defendants jointly and severally in an amount of at least $385,204.60, plus interest;

    (d) on the fourth cause of action for quantum meruit, a judgment against Defendants jointly and severally in an amount equal to the reasonable value of its services but not less than $385,204.60, plus interest; and

    (e) costs, disbursements, and such other relief as the Court deems just and proper.

Dated: New York, New York
July 9, 2008

HAHN & HESSEN LLP
*Pro Se Plaintiff*

By: _____
Zachary G. Newman (ZN-5944)
Member of the Firm

488 Madison Avenue
New York, New York 10022
(212) 478-7200